# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| LARRY MAURICE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV411-195 |
| | ) |
| CITY OF SAVANNAH, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned 42 U.S.C. § 1983 civil rights action against the defendants on August 5, 2011. Doc. 1. The Court granted him leave to proceed *in forma pauperis* ("IFP") but directed him to complete and return both a Prison Trust Fund Account Statement form and a Consent to Collection of Fees from Trust Account form before the case could proceed. Doc. 4. The order further advised that if he failed to return the forms within thirty days, the Court would presume that he wished to dismiss his complaint without prejudice. *Id.* at 5.

Plaintiff never returned the required forms. In fact, the Court's Order to him was returned as "undelivered." Doc. 5. Local Rule 11.1

places a continuing duty on attorneys and *pro se* litigants to keep the Court apprised of their current address. Without a current mailing address, the Court cannot move this case forward or even communicate with plaintiff. Because plaintiff Lewis has failed to comply with this Court's explicit directions and has failed to keep the Court apprised of his current address,[1] his complaint should be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this  2nd  day of November, 2011.

> /s/ G.R. Smith
> UNITED STATES MAGISTRATE JUDGE
> SOUTHERN DISTRICT OF GEORGIA

---

[1] A court has the power to prune from its docket those cases that amount to no more than mere deadwood. Plaintiff's complaint can and should be dismissed on these grounds alone. L.R. 41(b); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992). As the Clerk has no valid address for the plaintiff (who has evidently lost interest in his case), he is excused from any further attempts to serve the plaintiff.